1  FRED M. BLUM, ESQ. (SBN 1015860)
   RUBEN RUIZ, ESQ. (SBN 241729)
2  BASSI, MARTINI, EDLIN & BLUM LLP
   351 California Street, Suite 200
3  San Francisco, CA 94104
   Telephone:   (415) 397-9006
4  Facsimile:   (415) 397-1339

5  Attorneys for Defendants
   CLASSICSTAR FINANCIAL SERVICES, INC., GEOSTAR CORPORATION, GEOSTAR
6  FINANCIAL SERVICES CORPORATION, and TONY FERGUSON

7

8                         UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA- SAN JOSE

10

11 PETER FORTENBAUGH and BETTY LEE,  )  Case No. C08-03898-PVT
   in their capacity as Trustees of THE PETER )
12 FORTENBAUGH TRUST, a California Trust, )  **DEFENDANTS' NOTICE OF MOTION**
                                          )  **TO DISMISS PLAINTIFF'S CLAIMS**
13              Plaintiffs,               )  **FOR UNJUST ENRICHMENT, FRAUD**
                                          )  **AND NEGLIGENT**
14         vs.                            )  **MISREPRESENTATION**
                                          )
15 CLASSICSTAR FINANCIAL SERVICES,        )
   INC., a Delaware Corporation, GEOSTAR  )  Date:  September 30, 2008
16 CORPORATION, a Delaware Corporation,   )  Time:  10:00 a.m.
   GEOSTAR FINANCIAL SERVICES             )  The Honorable Patricia V. Trumball
17 CORPORATION, a Delaware Corporation,   )
   TONY FERGUSON, an individual, and DOES )
18 1 through 30, inclusive,               )
                                          )
19              Defendants.               )
                                          )
20

21

22 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23 PLEASE TAKE NOTICE that at 10:00 a.m. on September 30, 2008 or as soon thereafter as the

24 matter may be heard in Room 5 of the above-entitled Court, located at 280 South 1st Street, San

25 Jose, California, Defendants CLASSICSTAR FINANCIAL SERVICES, INC., GEOSTAR

26 CORPORATION ("GeoStar"), GEOSTAR FINANCIAL SERVICES CORPORATION, and

27 TONY FERGUSON ("collectively "Defendants") move this Court to dismiss Plaintiffs PETER

28 FORTENBAUGH and BETTY LEE, in their capacity as Trustees of THE PETER

50912                                      1

FORTENBAUGH TRUST's (Fortenbaugh"), claims for unjust enrichment, fraud, and negligent misrepresentation.

Defendants Classicstar and GeoStar move the Court for dismissal of Fortenbaugh's claim for unjust enrichment because Fortenbaugh fails to allege any unjust benefit received by Classicstar and or alleged alter ego GeoStar. Defendants next move to dismiss Fortenbaugh's claims for deceit/fraud and negligent misrepresentation because the present allegations amount to no more than a breach of contract masquerading as a tort.

Accompanying this Notice is Defendants Memorandum in Support Motion to Dismiss Plaintiffs Claims for Unjust Enrichment, Fraud and Negligent Misrepresentation.

Date:   August 21, 2008               BASSI, MARTINI, EDLIN & BLUM LLP


By: _____
    RUBEN P. RUIZ
    Attorneys for Defendant
    CLASSICSTAR FINANCIAL SERVICES, INC.,
    GEOSTAR CORPORATION, GEOSTAR
    FINANCIAL SERVICES CORPORATION, and
    TONY FERGUSON

50912

2

DEFS.' NOTICE OF MOT. TO DISMISS PL.'S CLAIMS FOR UNJUST ENRICHMENT, FRAUD AND NEGLIGENT MISREPRESENTATION

Re: **PETER FORTENBAUGH and BETTY LEE, in their capacity as Trustees of THE PETER FORTENBAUGH TRUST, a California Trust v. CLASSICSTAR FINANCIAL SERVICES, INC., a Delaware Corporation and DOES 1 through 30, inclusive**
USDC – Northern District of California – San Jose, Case No. C08-03898-PVT

### PROOF OF SERVICE – CCP §1013(a)(3)

STATE OF CALIFORNIA/COUNTY OF San Francisco

I am a citizen of the United States and an employee in the County of San Francisco. I am over the age of eighteen (18) years and not a party to the within action. My business address is BASSI, MARTINI, EDLIN & BLUM LLP, 351 California Street, Suite 200, San Francisco, California 94104.

On the date set forth below, I served the within:

**DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR UNJUST ENRICHMENT, FRAUD AND NEGLIGENT MISREPRESENMTATION**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR UNJUST ENRICHMENT, FRAUD, AND NEGLIGENT MISREPRESENTATION**

**[PROPOSED] ORDER FOR DISMISSAL OF PLAINTIFFS' CLAIMS FOR UNJUST ENRICHMENT, FRAUD AND NEGLIGENT MISREPRESENTATION**

on the following parties:

SEE ECF FILING SERVICE LIST PROVIDED

__XX__ **VIA UNITED STATES DISTRICT COURT –NORTHERN DISTRICT'S electronic court filing website.** I caused a copy of said documents to be electronically filed by ECF to the interested parties.

_____ **BY MAIL:** I caused such envelope to be deposited in the mail at San Francisco, California. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

_____ **BY FACSIMILE:** I caused said documents to be sent via facsimile to the interested party at the facsimile number set forth below.

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on August 21, 2008, at San Francisco, California.

_____
ROSE WARREN

50961

1

FRED M. BLUM, ESQ. (SBN 1015860)
RUBEN RUIZ, ESQ. (SBN 241729)
BASSI, MARTINI, EDLIN & BLUM LLP
351 California Street, Suite 200
San Francisco, CA 94104
Telephone:   (415) 397-9006
Facsimile:   (415) 397-1339

Attorneys for Defendants
CLASSICSTAR FINANCIAL SERVICES, INC., GEOSTAR CORPORATION, GEOSTAR FINANCIAL SERVICES CORPORATION, and TONY FERGUSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE

| | |
|---|---|
| PETER FORTENBAUGH and BETTY LEE, in their capacity as Trustees of THE PETER FORTENBAUGH TRUST, a California Trust,<br><br>Plaintiffs,<br><br>vs.<br><br>CLASSICSTAR FINANCIAL SERVICES, INC., a Delaware Corporation, GEOSTAR CORPORATION, a Delaware Corporation, GEOSTAR FINANCIAL SERVICES CORPORATION, a Delaware Corporation, TONY FERGUSON, an individual, and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No. C08-03898-PVT<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR UNJUST ENRICHMENT, FRAUD, AND NEGLIGENT MISREPRESENTATION**<br><br>Date:  September 30, 2008<br>Time:  10:00 a.m.<br>The Honorable Patricia V. Trumball |

### I       INTRODUCTION

Defendants CLASSICSTAR FINANCIAL SERVICES INC. ("Classicstar"), GEOSTAR CORPORATION ("Geostar"), GEOSTAR FINANCIAL SERVICES CORPORATION ("GFS"), and TONY FERGUSON ("Ferguson") (collectively "Defendants") move to dismiss Plaintiffs PETER FORTENBAUGH and BETTY LEE, in their capacity as Trustees of THE PETER FORTENBAUGH TRUST'S ("Fortenbaugh") claims for unjust enrichment, deceit/fraud and

50800

1

negligent misrepresentation contained in the First Amended Complaint ("FAC"). Classicstar and Geostar also move to dismiss Fortenbaughs's claims for unjust enrichment because Fortenbaugh fails to allege any unjust benefit received by Defendants. In addition, Defendants move to dismiss Fortenbaugh's claims for deceit/fraud and negligent misrepresentation because the present allegations amount to no more than a breach of contract.

## II.  STATEMENT OF FACTS

On July 15, 2008, Fortenbaugh filed the First Amended Complaint ("FAC") against Classicstar, Geostar, GFS, and Ferguson. FAC ¶¶1-7. The gravamen of Fortenbaugh's claims is two agreements allegedly entered into by the Parties. Id. at ¶¶11-13. The first agreement is the Equine and Working Interest Agreement Purchase Agreement ("Purchase Agreement") allegedly between Classicstar and Fortenbaugh. Id., Ex. A. The second agreement is the Escrow Agreement ("Escrow Agreement") allegedly between GFS and Fortenbaugh. Id., Ex. B.[1]

### A.  FORTENBAUGH'S ALLEGATIONS OF UNJUST ENRICHMENT.

As alleged, Classicstar and Fortenbaugh entered into the Purchase Agreement on September 30, 2005. Id. at ¶11. It is alleged that under the Purchase Agreement, Classicstar purchased assets, including Fortenbaugh's mare-lease business, in exchange for (a) $6.1 million plus interest thereon at a rate of 6% accruing as of September 2005 and (b) the assumption by Classicstar of outstanding indebtedness owed by Plaintiffs to the National Equine Lending Corporation. Id. at ¶12. Plaintiff alleges that Geostar as the alter ego of Classicstar is jointly and severally liable for Fortenbaugh's claim of unjust enrichment. Id. at ¶39.

On its face, the Purchase Agreement states that Fortenbaugh's mare lease business originated in 2001 with Fortenbaugh's entering into agreements and investing with third party ClassicStar LLC. Id., Ex. A, 1, para. 2. However, the Purchase Agreement then refers to the same investment and states that the investment allowed Fortenbaugh to acquire "certain equine

---

[1] In total, Fortenbaugh brings claims for breach of the Purchase Agreement (against Classicstar and Geostar), unjust enrichment (against Classicstar and Geostar), breach of the Escrow Agreement (against Geostar and GFS), Fraud/Deceit (against Ferguson), and Negligent Misrepresentation (against Ferguson).

breeding and ownership rights pursuant to its execution and performance of certain agreements with Buyer [Classicstar (meaning Defendant)]. Id., Ex. A, 1, ¶3.[2]

According to the terms of the Purchase Agreement, Fortenbaugh represented he had "sufficient resources and the requisite investment knowledge and experience to enter into this [the] transaction and meets on the qualifications for "Accredited Investor," as such terms is defined under the Regulations D of the Securities Act of 1933, as amended." Id., Ex. A, 2.

### B. FORTENBAUGH'S ALLEGATIONS OF FRAUD/DECEIT AND NEGLIGENT MISREPRESENTATION.

Fortenbaugh alleges that Ferguson acted as the "principal negotiator" on behalf of Classicstar with respect to the Purchase Agreement, Id. at ¶50, and on behalf of GFS with respect to the Escrow Agreement, Id. at ¶60. Fortenbaugh alleges Ferguson controlled Classicstar, Geostar, and GFS, in addition to the fact the Geostar was the alter ego of Classicstar and GFS. Id. at ¶¶14-23.

With regard to the Purchase Agreement, Fortenbaugh alleges negotiations lasted eleven months and that Ferguson made representations that Classicstar would abide by the stated contractual terms and make timely payments. Id. at ¶51. Moreover, Fortenbaugh alleges that Ferguson had a duty to disclose Classicstar's relative assets over the course of negotiations, and by omitting such information breach that duty. Id. at ¶52. Fortenbaugh alleges that Ferguson's allegations induced Plaintiff's to enter the Purchase Agreement. Id. at ¶57.

Classicstar is alleged to have made $314,038.36 in payments under the Purchase Agreement. Fortenbaugh alleges that Fergusons allegations induced Plaintiff's to enter the Purchase Agreement. Id. at ¶26. Under the Purchase Agreement, Classicstar was scheduled to

---

[2] The Purchase Agreement's lack of clarity regarding with whom Fortenbaugh made his original investment, Classicstar LLC or Classicstar, is an important question but is not the ultimate premise upon which this motion to dismiss is made. Fortenbaugh's claim for unjust enrichment fails regardless of whether Fortenbaugh made investments with Classicstar LLC or Classicstar. Fortenbaugh alleges no alter ego claims with reference to Classicstar LLC and the present Defendants in this matter.

retire Fortenbaugh's debt to NELC of $1,003,370.67 by January 1, 2006. Id., Ex A., 3. Fortenbaugh does not allege Classicstar failed to pay off this debt as agreed. FAC *passim*.

With regards to the Escrow Agreement, Fortenbaugh alleges Ferguson assured agents of Fortenbaugh that GFS "held or had" access to sufficient stock assets which it would deposit as collateral for payment obligations on the Purchase Agreement. Id. at ¶61; see ¶41. Fortenbaugh further alleges Ferguson stated a William Jansen ("Jansen") was "'best suited'" to serve as escrow agent, but that Ferguson had not contacted Jansen regarding the Escrow Agreement, Id. at ¶62-64. Finally, Fortenbaugh alleges that GFS failed to establish the escrow account as agreed. Id. at ¶66.

Fortenbaugh's alleged tort damages of $6,793,468.49 are identical to those he seeks in contract. Id. ¶¶34, 46, 73, and 81.

### III. ARGUMENT

#### A. MOTION TO DISMISS - FED. R. CIV. P. 12(B)(6).

The Rules of Civil Procedure grant a defendant the right to file a motion to dismiss where plaintiff has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)(West 2006). A court may dismiss a complaint under 12b(6) where "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." S.E.C. v. Rauscher Pierce Refsnes, Inc.,17 F. Supp. 2d 985, 988 (1998) (quoting Church of Scientology of California v. Flynn, 744 F.2d 694, 696 (9th Cir. 1984).

#### B. FORTENBAUGH'S CLAIMS FOR UNJUST ENRICHMENT FAIL BECAUSE CLASSICSTAR OR IN THE ALTERNATIVE CLASSICSTAR LLC PERFORMED ALL LEGAL AND EQUITABLE DUTIES AS TO ANY MONIES "INVESTED" BY FORTENBAUGH.

"Unjust enrichment is not a cause of action . . . or even a remedy, but rather 'a general principle, underlying various legal doctrines and remedies.' It is synonymous with restitution." McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004) (citing Melchior v. New Line Productions, Inc., 106 Cal. App. 4th 779, 793 (2003). Unlike a claim for damages based on a legal duty, an unjust enrichment claim is grounded in equitable principles. Hirsch v. Bank of

America, 107 Cal. App. 4th 708, 721 (2003). Generally, "[a] person is enriched if he receives benefit at another's expense." Ghirardo v. Antonioli, 14 Cal. 4th 39, 51 (1996). Yet, a person "is required to make restitution 'only if the circumstances of its receipt or retention are such that, as between the persons, it is unjust to retain it.'" Id. (citing Rest., Restitution, §1, p.12).

In the present case, the FAC contains no allegations that any monies Fortenbaugh invested with either Classicstar or third party ClassicStar LLC resulted in an unjust enrichment of either party. The Purchase Agreement demonstrates that Fortenbaugh's Investment as defined under that agreement occurred in 2001 when Fortenbaugh entered into agreements with Classicstar LLC. FAC, Ex. A 1. The Investment was in fact a purchase of equine breeding and ownership rights pursuant to the contractual agreements entered with either Classicstar or ClassicStar LLC. FAC, Ex. A. para. 3. Nowhere in the FAC is it alleged that Classicstar or ClassicStar LLC failed to deliver such rights or to perform under any express agreements or that any performance was deficient such that it amounted to a breach. FAC *passim*.

Thus, while these equine breeding and ownership rights are the subject of the Purchase Agreement, the simple fact that Fortenbaugh's originally purchased them does not indicate an unjust enrichment of any party. Moreover, Fortenbaugh never alleges monies he invested to start his mare lease business were unjustly retained due to a breach of any contract or duty associated with his Investment. FAC *passim*. In contrast, Fortenbaugh alleges he operated the mare lease business for approximately four years from the time of his initial investment in 2001 in equine rights to the his sale of the business in 2005 at which time it was valued under the Purchase Agreement $6,100,000 and retirement of over $1,000,000 in debt to NELC. See FAC, 1.

The FAC and the accompanying Purchase Agreement both evidence that Fortenbaugh's Investment amounted to a series of agreements entered into by Fortenbaugh and the other contracting party and that both parties performed, resulting in Fortenbaugh's ownership of a mare lease business. There can be no unjust enrichment where both parties perform as agreed and receive the benefit of their bargain. Fortenbaugh's claim as alleged should fail.

### C. FORTENBAUGH'S CLAIMS FOR FRAUD AND NEGLIGENT MISREPRESENTATION ARE BARRED BECAUSE HE CANNOT RECOVER TORT DAMAGES BASED ON A CONTRACT CLAIM.

Fortenbaugh's causes of action for Fraud and Negligent Misrepresentation are barred because he cannot recover tort damages based on a contract claim. "A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations." Stop Loss Ins. Brokers, Inc. v. Brown & Towland Med. Group, 143 Cal. App. 4th 1036, 1041 (2006). The court will "generally enforce the breach of a contractual promise through contract law, except when the actions that constitute the breach violate a social policy that merits the imposition of tort remedies." Id. (citing Aas v. Super. Ct., 24 Cal. 4th 627, 643 (2000)). Moreover, "[a]n omission to perform a contract obligation is never a tort, unless the omission is also an omission of a legal duty. Stop Loss, 143 Cal. App. 4th at 1043 (citing Elrich v. Menezes, 21 Cal. 4th 543, 551 (1991)). Despite tort terminology used in an allegation, the court must examine the alleged misconduct and determine whether it is a breach of contract or a breach of duty of care. Stop Loss, 143 Cal. App. at 1041-42.

This case is based on Classicstar's alleged default on the Purchase Agreement. FAC, Ex. C. Despite Fortenbaugh's attempts to characterize it as a tort, Classicstar's alleged failure to perform under the Purchase Agreement is a contract claim. Fortenbaugh's requests for relief are identical for both the contract claim and the tort claim. Fortenbaugh fails to allege damages other than the money alleged owed under the contract. The $6,793,468.49 Fortenbaugh seeks equals Classicstar's full performance under the contract.

In addition, Ferguson's alleged misstatements during negotiations were not a fraudulent. First, Ferguson allegedly promised that Classicstar would perform under the Purchase Agreement. FAC ¶51. Yet this statement is read into every contract, as an express or implied good faith covenant of performance. Under Fortenbaugh's theory, every non-performance would also be a fraud. Second, Ferguson's alleged failure to disclose Classicstar's financial assets during negotiations (Id. at ¶¶51-52) cannot constitute a fraud because such disclosures are not required in an arm's length deal, especially since Fortenbaugh represented he had the "requisite resources and the requisite investment knowledge and experience to enter into [the]

50800

6

DEF.'S MOTION TO DISMISS PLAINTIFFS' CAUSE OF ACTION FOR UNJUST ENRICHMENT

1  transaction . . . ." Id.; Ex. A, 2. Third, Fergusons's alleged statement that GFS "held or had"
2  access to sufficient stock assets to deposit as collateral under the Purchase Agreement (Id. at ¶61;
3  see ¶41) is not a misrepresentation. The stock was publically available. Fourth, the claim that
4  Ferguson "implicitly" suggested Jansen should be the escrow agent for the transaction (Id. at
5  ¶61) is a vague and unclear allegation. The only reasonable interpretation of this allegation is
6  that Ferguson actually did not state, in clear terms, that he contacted Jansen and engaged his
7  services. Fifth, GFS's alleged failure to establish an escrow agreement is not a fraud, but rather a
8  simple omission to perform a contractual duty.

9        Fortenbaugh's remedy, whether in contract or in tort, amounts to Classicstar's full
10 performance of the Purchase Agreement. None of Fortenbaugh's alleged damages originate
11 outside the contract. Therefore, the Court should dismiss Fortenbaugh's tort claims, no matter
12 how alleged, since they are really contract claims.

### D. FORTENBAUGH'S FRAUD CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE HE FAILED TO PLEAD THE TIME AND DATE OF FRAUD, AS REQUIRED.

15       Fortenbaugh's fraud cause of action should be dismissed because he failed to plead the
16 time and date of the alleged fraud. Federal Rule of Civil Procedure 9(b) states: "In all averments
17 of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." FED. R.
18 CIV. P. 9(b); Desaigoudar v. Meyercord, 223 F. 3d 1020, 1022-23 (9th Cir. 2000). "With
19 particularity" includes the "who, what, when, where and how" of the alleged fraud. Cooper v.
20 Pickett, 137 F. 3d 616, 627 (9th Cir. ____). The policy ensures that a defendant has sufficient
21 information to formulate a defense by providing adequate notice of both the nature and the
22 grounds of the claim. Bartlett v. Arthur Anderson, D.C. No. CV-00-852-PHX-SMM, 2003 WL
23 173531 at * 2 (9th Cir. 2003). To satisfy the particularity requirement, a plaintiff must allege the
24 dates and times of the alleged misrepresentations. Id.

25       Fortenbaugh, like the plaintiffs in Bartlett, failed to plead the dates and times of the
26 Defendant's alleged misrepresentations. As such, the Court should dismiss Fortenbaugh's fraud
27 allegations.

28

50800

7

DEF.'S MOTION TO DISMISS PLAINTIFFS' CAUSE OF ACTION FOR UNJUST ENRICHMENT

## IV. CONCLUSION

For the above stated reasons, Classicstar and Geostar request the Court dismiss Fortenbaugh's claim for unjust enrichment, and Defendants request the Court dismiss Fortenbaugh's claims for fraud and negligent misrepresentation.

Date:   August 21, 2008

BASSI, MARTINI, EDLIN & BLUM LLP

By: _____
RUBEN P. RUIZ
Attorneys for Defendant
CLASSICSTAR FINANCIAL SERVICES, INC.,
GEOSTAR CORPORATION, GEOSTAR
FINANCIAL SERVICES CORPORATION, and
TONY FERGUSON

1  FRED M. BLUM, ESQ. (SBN 1015860)
   RUBEN RUIZ, ESQ. (SBN 241729)
2  BASSI, MARTINI, EDLIN & BLUM LLP
   351 California Street, Suite 200
3  San Francisco, CA 94104
   Telephone:  (415) 397-9006
4  Facsimile:  (415) 397-1339

5

   Attorneys for Defendants
6  CLASSICSTAR FINANCIAL SERVICES, INC., GEOSTAR CORPORATION, GEOSTAR
   FINANCIAL SERVICES CORPORATION, and TONY FERGUSON
7

8

9                  UNITED STATES DISTRICT COURT

10              NOTHERN DISTRICT OF CALIFORNIA- SAN JOSE

11

12 | PETER FORTENBAUGH and BETTY LEE,      ) Case No. 107CV084507
   | in their capacity as Trustees of THE PETER )
13 | FORTENBAUGH TRUST, a California Trust, ) [PROPOSED] ORDER FOR DISMISSAL
   |                                         ) OF PLAINITFFS' CLAIMS FOR UNJUST
14 |             Plaintiffs,                 ) ENRICHMENT, FRAUD AND
   |                                         ) NEGLIGENT MISREPRESENTATION
15 |      vs.                                )
   |                                         ) Date:  September 30, 2008
16 | CLASSICSTAR FINANCIAL SERVICES,         ) Time:  10:00 a.m.
   | INC., a Delaware Corporation, GEOSTAR   ) The Honorable Patricia V. Trumball
17 | CORPORATION, a Delaware Corporation,    )
   | GEOSTAR FINANCIAL SERVICES
18 | CORPORATION, a Delaware Corporation,
   | TONY FERGUSON, an individual, and DOES
19 | 1 through 30, inclusive,
   |
20 |             Defendants.

21

22       IT IS HEREBY ORDERED THAT Plaintiffs <u>PETER FORTENBAUGH and BETTY

23 <u>LEE, in their capacity as Trustees of THE PETER FORTENBAUGH TRUST'S</u> ("Fortenbaugh")

24 claim for unjust enrichment is dismissed.

25 //

26 //

27 //

28
   50937
                                            1
   ─────────────────────────────────────────────────────────────
   PROPOSED] ORDER FOR DISMISSAL OF PLS' CLAIMS FOR UNJUST ENRICHMENT, FRAUD AND
                        NEGLIGENT MISREPRESENTATION

1  IT IS HEREBY ORDERED THAT Fortenbaugh's claims for deceit/fraud and negligent
2  are dismissed.
3
4  Date:
5                                    By:_____
                                         HONORABLE JUDGE
6                                        UNUTED STATES DISTRICT COURT
                                         NORTHERN DISTRICT OF CALIFORNIA

50937

2