**E-FILED on**   11/10/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER FORTENBAUGH and BETTY LEE<br><br>Plaintiffs,<br><br>v.<br><br>GEOSTAR CORPORATION,<br>GEOSTAR FINANCIAL SERVICES CORPORATION,<br>TONY FERGUSON, and<br>CLASSICSTAR FINANCIAL SERVICES,<br><br>Defendants. | No. C-08-03898 RMW<br><br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND<br><br>**[Re Docket No. 16]** |

Plaintiffs Peter Fortenbaugh ("Fortenbaugh") and Betty Lee ("Lee") move to remand the present action back to state court. For the reasons stated below, the court denies the motion.

**I. BACKGROUND**

On April 24, 2007, plaintiffs filed this action alleging that defendant ClassicStar Financial Services, Inc. ("ClassicStar") failed to fulfill its obligations under an agreement to purchase plaintiffs' mare-lease business. Decl. of Ruben Ruiz ISO New Defendants Notice of Removal, Ex. A, 1. On July 15, 2008, defendants GeoStar Corporation ("GeoStar"), GeoStar Financial Services Corporation ("GFS"), and Tony Ferguson ("Ferguson") (collectively "New Defendants") were served with a first amended complaint ("FAC") adding them as defendants in the action. Decl. of

Ruben Ruiz ISO Opp. to Pl.'s Mot. To Remand ¶ 3 (hereinafter Ruiz Decl.). New Defendants filed a notice of removal on August 15, 2008. *Id.* at ¶ 4.

Plaintiffs now move to remand the case back to state court, arguing that all defendants must consent to removal and, having not removed the case for over a year, that ClassicStar had waived its right to do so.

## II.  ANALYSIS

Defendants wishing to remove a civil action from state court may file, within 30 days after receipt of the initial pleading, a notice of removal in federal court. 28 U.S.C. § 1446. The parties dispute two issues arising out of New Defendants removal. First, whether ClassicStar waived its right to remove by not filing a notice of removal within 30 days of the initial complaint filing. And second, whether a defendant who has waived that right precludes later-added defendants from seeking removal as well.

### A.     ClassicStar Waived its Right to Remove

Defendants oppose remand, arguing that ClassicStar's actions in state court – filing an answer and counterclaim, engaging in discovery, and moving to compel – did not constitute a waiver of its right to remove. Plaintiffs respond that defendants' purported waiver was not on the basis of their actions, but rather their failure to file a notice of removal within the 30-day statutory period. Pls.' Reply ISO Remand 2. Here the statute is clear: § 1446(b) requires that a party seeking to remove do so within 30 days. *See Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1254 (9th Cir. 1989); *see also* 16 MOORE'S FEDERAL PRACTICE § 107.18[2] (3rd Ed. 2008) ("A defendant may waive the right to remove a state court action to federal court by failing to file the removal notice within the statutory time limits."). ClassicStar thus waived its right to removal of, at least, the initial complaint.

A party may indeed also waive the right to remove to federal court by, after it is apparent that the case is removable, taking actions in state court that manifest an intent to abandon his or her right to a federal forum. *Resolution Trust Corp. v. Bayside Developers,* 43 F.3d 1230, 1240 (9th Cir. 1994). But 1446(b)'s 30-day time limit still applies, and here ClassicStar knew of the facts

establishing removability but chose not to remove. ClassicStar has therefore waived its right to remove the case to federal court.

### B. First/Last-Served Rule for Removal by Later-Served Defendants

The parties also dispute which rule applies when defendants are added after the initial 30-day removal period has expired. 28 U.S.C. § 1446(b) states that "the notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." Though the requirement does not appear explicitly in the statute, it is uncontested that all defendants must join the notice of removal. *Hewitt v. City of Stanton*, 798 F.2d 1230 (9th Cir.1986) (citing *Chicago, R. I. & P. Ry. Co. v. Martin*, 178 U.S. 245 (1900)). The parties dispute whether an initial defendant's waiver bars later-added defendants from removing to federal court.

Courts considering the issue have settled on one of two rules. The court in *Bonner v. Fuji Photo Film*, 461 F.Supp.2d 1112, 1116 (N.D.Cal. 2006), described the dispute as follows: "[D]oes the thirty-day period begin to run as to all defendants when it begins to run as to any of them (the 'first-served rule'), or does each defendant have its own thirty-day clock (the 'last-served rule')?". As the court notes in *Bonner*, the Ninth Circuit has not squarely considered this question, and there is disagreement among the circuit courts. *Id.* at 1117 (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir.1986) (applying the first-served rule); *Marano Enters. of Kan. v. Z-Teca Rests.*, L.P., 254 F.3d 753, 756-57 (8th Cir.2001) (applying the last-served rule); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 & n. 3 (6th Cir.1999) (applying the last-served rule); *McKinney v. Bd. of Tr. of Md. Cmty. College*, 955 F.2d 924, 927-28 (4th Cir.1992) (applying a variant of the first-served rule that allows new defendants thirty days to join an "otherwise valid" petition for removal)).

*Bonner* applied the last-served rule, and this court agrees with the its reasoning. 461 F.Supp.2d at 1116-1119. Despite some ambiguity in the statutory text, Congress likely intended to extend the right to remove to *all* defendants, regardless of when they became parties to a case. *Id.* at 1117. Furthermore, that all defendants must consent to removal – the "unanimity" rule – does not require that an initial waiver binds all later-served defendants. As the *Bonner* court states: "[A]

first-served defendant may be content in either state or federal court, in which case he may decline to remove the case himself but would be perfectly happy to consent to removal by a codefendant. It simply does not follow that a first-served defendant has *refused his consent* to removal simply because he has not affirmatively *exercised the right* of removal." *Id.* at 1118 (emphasis in original). The court therefore adopts the last-served rule.

The court finds that the New Defendants properly filed a notice of removal, joined by ClassicStar, within thirty days of being served with plaintiffs first amended complaint. The court thus does not need to consider whether the first amended complaint sufficiently altered the nature of the litigation to create a new right to remove under 28 U.S.C. § 1446(b).

## III. ORDER

For the reasons stated above, the court denies plaintiffs' motion to remand and their request for fees and costs.

DATED: 11/10/08

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Gilbert Ross Serota            gserota@hrice.com
Jeremy Kamras                  jkamras@howardrice.com
Simona Alessandra Agnolucci    sagnolucci@howardrice.com

**Counsel for Defendants:**

Fred M. Blum                   fblum@bmeblaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** _____11/10/08_____                    _____/s/ JAS_____
                                                 **Chambers of Judge Whyte**